## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

EVERETT HOWE,

    Plaintiff,

v.   No. CIV 08-199 WJ/CG

McKINLEY COUNTY SHERIFF'S
OFFICE, ARTHUR JOE, SR., TITUS
LINVILLE, JOHN M. KENDALL III,
and JOHN YEARLY,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS (PARTIAL) MOTION TO DISMISS

THIS MATTER comes before the Court upon Defendants' Motion to Dismiss, filed April 14, 2008 **(Doc. 4)** and Plaintiff's Motion for Extension of Time to File Response, filed May 22, 2008 **(Doc. 6)**. Having considered the parties' briefs and the applicable law, I find that Defendant's motion is well-taken and will be granted.

### Background

In this civil rights case, Plaintiff alleges that his employer, McKinley County Sheriff's Office, discriminated against him because he is Navajo. In Counts I, II and II of the Complaint he alleges, respectively, violations of Title VII, 42 § U.S.C.A. § 2000e to § 2000e-17, the New Mexico Human Rights Act, NMSA 1978 § 28-1-1 et seq., ("Human Rights Act") and Breach of Implied Contract of Employment.

### Discussion

Defendants seek dismissal of Plaintiff's Complaint against the individual Defendants.

Under Fed.R.Civ.P. 12(b)(6), the Court may dismiss a complaint which does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1968-69, 1974 (2007); The Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174 (10th Cir.2007).  The Court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted. Ford v. West, 222 F.3d 767, 772 (10th Cir. 2000).

In their motion, Defendants contend that Plaintiff's Title VII and Human Rights Act claims must be dismissed because Plaintiff improperly named individual Defendants in his Title VII claim, and because he failed to exhaust his administrative remedies with respect to the individual Defendants.  Defendants' contentions have merit.  Title VII actions applies only to an employer.  Lankford v City of Hobart, 27 F.3d 477, 480 (10th Cir. 1994).  With regard to the Human Rights Act claim, the potential for individual liability for discrimination claims is suggested by the language of the Act itself, which forbids "any person or employer" from supporting a discriminatory practice. NMSA § 28-1-7(I); see Mitchell-Carr v. McLendon, 127 N.M. 282 (1999).  Thus, failure to include the individual Defendants as parties to the administrative proceeding would result in a dismissal of the claim based on failure to exhaust as to those individuals.  See Luboyeski v. Hill, 117 N.M. 380, 382, 872 P.2d 353, 355 (1994) (affirming the dismissal of individual defendants because the plaintiff failed to exhaust administrative remedies against them).

Defendants also seek dismissal of the individual Defendants regarding Plaintiff's breach of implied contract claim, because the alleged employment contract is between Plaintiff and the

County of McKinley, not any of the individual Defendants. They contend that Count III thus fails to set forth a claim for which relief can be granted as to the individual Defendants.

Three weeks after the response to Defendants' motion was due, Plaintiff filed a motion for extension of time in which to file a response, and the response, on the same day. In his response, Plaintiff concedes all of Defendants' arguments regarding the individual Defendants, but requests that the Court allow him to amend his complaint to add a cause of action against the individual Defendants for tortious interference with contractual relations.

Defendants urge the Court not to consider the untimely response, relying on D.N.M.LR-Civ.7.1(b), which states that the failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion. Defendants also note that Plaintiff's request to amend the complaint should be denied not only because it is procedurally defective, but also because such an amendment would be futile.

Plaintiff blames the untimeliness of his response on inadvertence and excusable neglect. He claims that he failed to notice on his e-mail that Defendants had filed their motion to dismiss until he saw the notice of completion of briefing Defendants filed on May 19, 2008.

A finding of excusable neglect requires both a demonstration of good faith and a reasonable basis for failing to comply with the specified time period. Hammons v. Internat'l Playtex, Inc., 676 F.Supp. 1114, 1118 (D.Wyo. 1988) (citing In re Four Seasons Securities Laws Litigation, 493 F.2d 1288, 1290 (10th Cir. 1974)). Courts look at various factors to determine whether the neglect is excusable: "the danger of prejudice to [the nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in

good faith." Pioneer Investment," 113 S.Ct. at 1498, cited in City of Chanute, Kan. v. Williams Natural Gas Co.31 F.3d 1041, 1046 (10th Cir. 1994).

The Court finds it implausible that Plaintiff, as a practicing attorney, did not check his e-mail for two weeks: Plaintiff does not state that he was away from the office during that time, or offer any explanation for his lack of due diligence in checking his e-mail.  The neglect appears to have been within the reasonable control of Plaintiff's counsel, even though the consequences of the neglect may land in the client's lap.  See, Allen v. Murph, 194 F.3d 722, 724 (6th Cir. 1999) (court found no excusable neglect on part of counsel, even if defendants themselves acted diligently).  However, in this case, a denial of Plaintiff's motion for an extension of time has no practical effect, since Plaintiff concedes with Defendants' arguments.  Therefore, I will deny Plaintiff's request for an extension of time to file a response as moot.

With regard to Plaintiff's request to amend the Complaint to add a claim of tortious interference with contractual relations against the individual Defendants, the Court will deny the request. Counsel for Plaintiff shows a blatant disregard for procedural requirements in including his request as part of his motion to extend time to file a response.  The Court's Administrative Order 92-88 (No. Misc. 92-88, May 4, 1992) mandates that attorneys shall submit a separate pleading for each matter upon which adjudication or a ruling of the Court is sought.  Further, Plaintiff failed to attach a form of amended complaint to a Motion to Amend as required by D.N.M.LR-Civ. 15.1.

Still, Plaintiff's efforts to cure these deficiencies would be to no avail.  A court need not grant leave to amend if amendment would be futile.  Foman v. Davis, 371 U.S. 178, 182 (1962); Jefferson County School Dist. No. R-1 v. Moody's Investor's Services, Inc. 175 F.3d 848, 859

(10th Cir. 1999) (a proposed amendment is futile if the complaint, as amended, would be subject to dismissal).  It would be futile for Plaintiff to add a claim of tortious interference of contractual relations to his Complaint.  An individual may not bring an action against an entity of the State or one of its representatives unless the State has waived its immunity from suit. Weinstein v. City of Santa Fe, 121 N. M. 646, 649 ( 1996). The New Mexico Tort Claims Act addresses the tort claims for which New Mexico has waived its immunity.  See NMSA 1978 §§ 41-4-1 through 41-4-29. The tort of an intentional interference with contractual relations is not included in the New Mexico Tort Claims Act, and there is no indication that New Mexico has waived its immunity for this claim. See, e.g., Moya v. City of Tucumcari, No. 030247, 2004 WL 2126335 (D.N.M., 2004) (summary judgment for city defendants granted where there was no indication that New Mexico waived immunity for claim intentional interference with contractual relations); El Dorado Utilities, Inc. v. Eldorado Area Water and Sanitation Dist., 137 N.M. 217 (N.M.App., 2005) (while New Mexico recognizes a cause of action for tortious interference with contractual relations, New Mexico has not waived immunity for such torts under the Tort Claims Act).

## Conclusion

Defendant's motion is granted:  the individual Defendants are dismissed with regard to all the claims in the Complaint, brought under Title VII claims, the New Mexico Human Rights Act, and Breach of Implied Contract.

Plaintiff's motion to extend time to file a response is denied as moot.  Plaintiff's request to amend his complaint, included in his motion for an extension of time, is denied not only because it is procedurally defective, but also because allowing Plaintiff to amend would be futile.

The remaining claims are Counts I, II and III of Plaintiff's Complaint against his

employer, the McKinley County Sheriff's Office.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Dismiss **(Doc. 4)** is hereby GRANTED for reasons set forth in this Memorandum Opinion and Order;

**IT IS ORDERED** that Plaintiff's Motion for Extension of Time to File Response **(Doc. 6)** is hereby DENIED as MOOT; Plaintiff's request to amend his complaint to add a claim is DENIED for reasons set forth in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE